UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-182-RJC

| | |
|---|---|
| CURTIS SHULER, )<br>)<br>　　　　Plaintiff, )<br>)<br>　　v. )<br>)<br>RICHARD NEELY, Superintendent at )<br>Lanesboro Correctional Institution[1]; )<br>C.W. CLARK, Supervisor Food Management )<br>at LCI; J. BENNETT, Supervisor Programs )<br>at LCI, )<br>)<br>　　　　Defendants. )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed April 14, 2011. (Doc. No. 1 ).

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or

---

[1] Lanesboro Correctional Institution will hereafter be referred to as "LCI."

1

parts thereof. 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that it must be dismissed because Plaintiff has failed to state a claim for relief.

Plaintiff contends that he has been "informed by a concerned reliable departmental source that Defendants began a plot to kill him by using handpicked segregation officers to periodically serve him poisoned meals contaminated with pathogenic salmonella substances, so that he would become stricken and die from typhoid fever." (Doc. No. 1 at 4). He believes that this plot to kill him is a "government sanctioned murder plot, having its roots in the Governor's office, and motivated by the knowledge and evidence Plaintiff has about its ring leadership in an ongoing political-conspiracy judicial cover-up of his false-imprisonment which includes crimes committed against the White House and Congress." (Id.). Plaintiff maintains that the purpose of this plot to poison him is to "prevent informed members of the news media and concerned former correctional officers from communication with [him] and gaining access to the information, which can cause an exposé and a national scandal of such magnitude that can result in a number of impeachments, criminal trials and prison terms for all responsible persons on both a state a federal levels." (Id.).

First, the Court notes that Plaintiff has had at least two and possibly three cases previously dismissed for failure to state a claim for relief. In case number 3:10-cv-254, the Court considered Plaintiff's allegation that his letter addressed to President Obama, which contained evidence of impeachable crimes by Governor Perdue, was never mailed and concluded that Plaintiff failed to state a claim for relief. (See 3:10cv254, Doc. No. 5). In case number, 5:08-ct-3088, the United States District Court for the Eastern District of North Carolina concluded that Plaintiff's allegations failed to state a constitutional claim. That court characterized Plaintiff's complaint in that case as confused and rambling where it alleged that he was prevented from receiving mail from a former

2

correctional officer in order "to assist in government conspiracy involving the White House sanctioned state-federal cover-up of [his] false imprisonment." See (EDNC 5:08-ct-3088, Doc. No. 27). Plaintiff also had a third case dismissed regarding his legal mail. (See EDNC 5:91-ct-355). However, the Court is unable to confirm the basis for this dismissal from the record.

Further, the Court is not required to "accept without question the truth of the plaintiff's allegations." Nasim v. Warden, 64 F.3d 951, 954 (4th Cir. 1995). The Court has the authority to dismiss claims that are obviously "fantastic" or "delusional." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Here, the whole of Plaintiff's allegations contend that the Defendants have hand selected officers to serve him "poisoned meals contaminated with pathogenic salmonella substances so that he would become stricken and die from typhoid fever." The Court finds these allegations fantastic and delusional. Plaintiff's Complaint fails to state a claim for relief, and it will be dismissed.

**IT IS THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Signed: April 19, 2011

Robert J. Conrad, Jr.
Chief United States District Judge